UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANK DISPENZA,                                    REPORT AND
                                                                       RECOMMENDATION
                        Plaintiff,
                                                                       12-CV-00458(A)(M)
v.

TOWN OF TONAWANDA,

                        Defendant.
_____

       Plaintiff Frank Dispenza, a former employee of defendant Town of Tonawanda, commenced this action on May 16, 2012 alleging disability and gender discrimination, as well as retaliation. Complaint [1].[1] This case has been referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings [8].

       At the parties' request, this action was initially stayed on February 20, 2013 "to allow time for a response for the New York State Retirement System, regarding a disability retirement, which would allow this case to settle". Plaintiff's Motion to Stay [14]. The stay was extended on May 10, 2013 [17] and again on August 1, 2013 [19], but at that time I advised the parties that "no further stays will be granted" Id.

       Since it remains uncertain when plaintiff will receive a decision on his application for disability retirement benefits, the parties agreed at today's chamber's conference that this action would may be dismissed, without prejudice to re-filing upon receipt of the decision concerning his application for disability retirement benefits. Defendant has agreed not to assert

---

[1]     Bracketed references are to the CM/ECF docket entries.

any statute of limitations defense which might arise between the date this action is discontinued and the date a subsequent action is commenced.

## CONCLUSION

For these reasons, I recommend that the action be dismissed, without prejudice to re-filing upon receipt of the New York State Retirement System's decision concerning plaintiff's application for disability retirement benefits, in which case any statute of limitations defense which might arise between the date this action is discontinued and the date the subsequent action is commenced will not be applicable.

Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by January 23, 2014 (applying the time frames set forth in Fed. R. Civ. P. ("Rules") 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each

objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: January 6, 2014

/s/ Jeremiah J. McCarthy  
JEREMIAH J. MCCARTHY  
United States Magistrate Judge
